UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN MOSLEY,<br><br>    Petitioner,<br><br>v.<br><br>H. A. RIOS, JR.,<br><br>    Respondent. | Case No.: 1:13-cv-00079-JLT<br><br>ORDER GRANTING RESPONDENT'S MOTION TO TRANSFER PETITION TO ANOTHER JURISDICTION (Doc. 11)<br><br>ORDER DIRECTING CLERK OF COURT TO TRANSFER CASE TO U.S. DISTRICT COURT FOR THE NORTHERN DISTRICT OF TEXAS |

    Petitioner is a federal prisoner proceeding in propria persona with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. Both parties have filed their written consent to the jurisdiction of the United States Magistrate Judge for all purposes. (Docs. 4 & 6).

**<u>PROCEDURAL HISTORY</u>**

    The instant petition was filed on January 16, 2013, while Petitioner was incarcerated at the Federal Correctional Institution-Fort Worth ("FCI-Ft. Worth"), Fort Worth, Texas. (Doc. 1). Petitioner challenges the sanctions imposed as a result of a prison disciplinary hearing that occurred at Petitioner's previous place of incarceration, i.e., the United States Prison, Atwater ("USP Atwater"), Atwater, California. On May 9, 2013, Respondent filed the instant motion to transfer the case to the U.S. District Court for the Northern District of Texas, contending that the Court lacks personal jurisdiction to proceed. (Doc. 11). The Court agrees.

1

## **DISCUSSION**

With respect to jurisdiction over the person, 28 U.S.C. § 2241(a) provides that writs of habeas corpus may be granted by the district courts "within their respective jurisdictions." A writ of habeas corpus operates not upon the prisoner, but upon the prisoner's custodian. Braden v. 30th Judicial Circuit Court of Kentucky, 410 U.S. 484, 494-495, 93 S.Ct. 1123 (1973). Accordingly, the court issuing the writ must have personal jurisdiction over the custodian. See Braden, 410 U.S. at 495; Malone v. Calderon, 165 F.3d 1234 (9th Cir. 1999); Subias v. Meese, 835 F.2d 1288, 1289 (9th Cir.1987). Without such jurisdiction, the Court has no authority to direct the actions of the restraining authority. See Malone, 165 F.3d at 1237.

Thus, a petitioner filing a petition for writ of habeas corpus under 28 U.S.C. § 2241 must file the petition in the judicial district of the petitioner's custodian. Brown v. United States, 610 F.2d 672, 677 (9th Cir.1990). It is sufficient if the custodian is within the territorial jurisdiction of the court *at the time the petition is filed*; transfer of the petitioner thereafter does *not* defeat personal jurisdiction that has once been properly established. Ahrens v. Clark, 335 U.S. 188, 193, 68 S.Ct. 1443 (1948), *overruled on other grounds* in Braden, 410 U.S. at 193, citing Ex parte Mitsuye Endo, 323 U.S. 283, 305, 65 S.Ct. 208 (1944); Francis v. Rison, 894 F.2d 353, 354 (9th Cir.1990); Smith v. Campbell, 450 F.2d 829, 831-832 (9th Cir. 1971). It has been long established that, in civil cases, jurisdiction is measured at the time the action is filed, and subsequent events cannot divest the Court of that jurisdiction. Smith, 450 F.2d at 832, citing St. Paul Mercury Indemnity Co. v. Red Cab Co., 303 U.S. 283, 58 S.Ct. 586 (1938). In habeas corpus proceedings, federal district courts have "uniformly followed" the jurisdictional rule applied in civil cases. Id.

A review of the petition clearly indicates that, at the time of filing, Petitioner was not incarcerated at a facility within this Court's jurisdiction; rather, Petitioner was incarcerated at FCI-Ft. Worth. Since personal jurisdiction attached at the time the petition was filed, this Court lacks personal jurisdiction to proceed. In the interests of justice, however, a federal court may transfer a case filed in the wrong district to the correct district. See 28 U.S.C. § 1406(a); Starnes v. McGuire, 512 F.2d 918, 932 (D.C. Cir. 1974). Accordingly, the matter should be transferred to the United States District Court for the Northern District of Texas.

# **ORDER**

For the foregoing reasons, it is hereby ordered as follows:

1. Respondent's motion to transfer the case to the U.S. District Court for the Northern District of Texas (Doc. 11), is GRANTED;
2. The Clerk of the Court is DIRECTED to transfer this case to the U.S. District Court for the Northern District of Texas.

IT IS SO ORDERED.

Dated:   **May 14, 2013**                    **/s/ Jennifer L. Thurston**
                                              UNITED STATES MAGISTRATE JUDGE