IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

JOHN MOSLEY, §
§
    Petitioner, §
§
VS. § NO. 4:13-CV-405-A
§
RODNEY CHANDLER, WARDEN, §
FCI-FORT WORTH,[1] §
§
    Respondent. §

### MEMORANDUM OPINION
### and
### ORDER

Petitioner, John Mosley, filed this petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. The court must order a respondent to show cause why a petition pursuant to § 2241 should not be granted "unless it appears from the [petition] that the [petitioner] or person detained is not entitled thereto." 28 U.S.C. § 2243. Having considered the petition and the papers attached thereto, the court concludes that it appears from the face of the petition that petitioner is entitled to no relief.

---

[1] The petition names as respondent H.A. Rios, Jr., who is warden of the Bureau of Prisons facility in California where petitioner was incarcerated at the time of the events giving rise to the instant petition. Although petitioner was subsequently transferred to FCI-Fort Worth, he filed his petition in the United States District Court for the Eastern District of California. That court on May 14, 2013, ordered the transfer of this action to the Northern District of Texas, the district of petitioner's incarceration. Accordingly, the court is substituting Rodney Chandler, Warden, FCI-Fort Worth, as the correct respondent.

I.

Background

The petition makes the following allegations:

At the time of the events leading to the instant petition, petitioner was the "town driver" for the Bureau of Prisons facility where he was incarcerated. On or about November 30, 2011, at approximately 10:45 a.m., petitioner was driving a Bureau of Prisons van to transport another prisoner, Jose Solis ("Solis"), to the bus stop. As the van was nearing the facility's exit, it was stopped and searched by a Bureau of Prisons officer. Directly behind the driver's seat, the officer found "a cardboard box containing 7 tattoo needles, 8 tattoo barrels, 1 bottle of tattoo ink, 1 length of rubber hose, wire cutters, 1 tattoo gun, 1 tattoo foot pedal, 1 tattoo power unit, 1 bag of tattoo ink cups, and 1 white [A]pple I-pod." Pet. at 2. The officer also found behind the passenger seat a black zippered bag containing a Samsung cellular phone and a pair of ear phones for the cell phone. Following the search and discovery of the items, petitioner was escorted to the Special Housing Unit.

A report was prepared concerning the incident. The unit disciplinary committee referred the charges to the Discipline Hearing Officer ("DHO"), but recommended that the incident report be expunged because Solis claimed that all of the items found in

the search of the van were his. At the disciplinary hearing, petitioner's defense was that he was taking Solis to the bus stop, and Solis "requested to go to the Camp and pick up his property." Id., attached page 3. However, the DHO "felt that the petitioner was responsible for any contraband found in the vehicle he was driving." Id. The DHO found petitioner guilty of the charge of possession of a hazardous tool and possession of anything unauthorized. The DHO assessed punishment against petitioner of loss of twenty-seven days of good-conduct time, loss of commissary privileges, and loss of telephone privileges. On February 9, 2012, the Bureau of Prisons's regional director, Robert McFadden ("McFadden"), ordered the DHO to amend her report and reissue a copy to petitioner.

II.

Grounds of the Petition

Petitioner contends that his due process rights were violated. Petitioner maintains that the incident report should be expunged because there is no evidence showing that petitioner had knowledge or possession of the items found in the van. Petitioner also claims that he was denied the right to call Solis as a witness during the disciplinary hearing, and that the amended DHO report entitled him to notice and a new hearing.

3

III.

Applicable Legal Principles

"[F]ederal courts cannot retry every prison disciplinary dispute; rather, the court may act only where arbitrary or capricious action is shown." <u>Reeves v. Pettcox</u>, 19 F.3d 1060, 1062 (5th Cir. 1994) (per curiam). Stated differently, the court may overturn a prison disciplinary proceeding only where no evidence supports the decision of prison officials. <u>Id.</u>

To state a claim for a violation of procedural due process, petitioner must allege facts showing that he had a liberty interest of which he was deprived by the Bureau of Prisons's actions without the benefit of constitutionally required procedural safeguards. <u>Richardson v. Joslin</u>, 501 F.3d 415, 418 (5th Cir. 2007). Prisoners do not have a liberty interest in being free from every adverse change in the conditions of their confinement. <u>Madison v. Parker</u>, 104 F.3d 765, 767 (5th Cir. 1997) (citing <u>Sandin v. Conner</u>, 515 U.S. 472, 484 (1995)). Rather, prisoners are entitled to the protection of the Due Process Clause only when a change in the conditions of their confinement "imposes atypical and significant hardship . . . in relation to the ordinary incidents of prison life." <u>Sandin</u>, 515 U.S. at 484. Thus, for example, petitioner's loss of commissary and telephone privileges do not implicate due process concerns.

4

See, e.g., <u>Malchi v. Thaler</u>, 211 F.3d 953, 958 (5th Cir. 2000); <u>Madison</u>, 104 F.3d at 768. Assuming that petitioner had a liberty interest in his good time credits, however, he is still entitled to no relief.

In the context of a prison disciplinary proceeding, due process requires that prisoners at a minimum receive (1) written notice of the charges against them at least twenty-four hours prior to the disciplinary hearing, (2) an opportunity to call witnesses and present documentary evidence in their defense, and (3) a written statement from the factfinder that includes the evidence relied on and the reasons for the disciplinary action taken. <u>Wolff v. McDonnell</u>, 418 U.S. 539, 563-67 (1974). In addition, there must be "some evidence" in the record that supports the findings made at the hearing. <u>Superintendent, Mass. Corr. Inst. v. Hill</u>, 472 U.S. 445, 454-56 (1985); <u>Richards v. Dretke</u>, 394 F.3d 291, 293 (5th Cir. 2004).

IV.

<u>Application of Law to Facts</u>

The petition and the prison disciplinary records attached thereto reveal that on November 30, 2011, petitioner was given a copy of the incident report containing written notice of the charges against him. As the disciplinary hearing was not held until December 8, 2011, petitioner was given the written notice

5

well in advance of the hearing. On December 2, 2011, petitioner was advised of his rights, and a written copy of such advisement was presented to him, again well in advance of the hearing.

Following the hearing, petitioner received the DHO's written report summarizing the disciplinary hearing, including a description of the charges against petitioner, the evidence on which the DHO relied, the DHO's findings and conclusions, and an explanation of the reasons for the action taken. Petitioner does not dispute that any of these steps were taken or that any of the aforementioned things occurred. It is thus undisputed that the Bureau of Prisons afforded petitioner at least two of the three fundamental requirements for due process.

As to the requirement that petitioner be allowed to call witnesses and present documents, petitioner now contends that he was denied the right to call Solis as a witness. The papers attached to the petition fail to support this contention. The DHO report indicates in at least two places that petitioner requested no witnesses. Additionally, attached to the petition is a copy of petitioner's appeal of the DHO report. Although the appeal papers detail petitioner's complaints concerning the hearing and the DHO's conclusions, nowhere in the papers does petitioner maintain that he was denied the right to call Solis, or anyone else, as a witness. Thus, it appears this assertion is

6

being raised by petitioner for the first time in his habeas petition.

Even accepting as true petitioner's claim that he was not permitted to call Solis as a witness, however, petitioner has failed to show he was prejudiced by the omission. The sole reason for calling Solis as a witness, according to petitioner, was for Solis to testify that he owned the items found in the van. However, Solis's claim of ownership was already before the DHO: the incident report, on which the DHO relied in reaching her conclusions, includes Solis's admission that the items belonged to him. Petitioner does not contend that Solis would have offered anything other than this same testimony had he appeared at the hearing. Thus, petitioner has not shown how Solis's testimony would have changed the outcome of the hearing. Najjar v. Yusuff, 81 F. App'x 815, 816 (5th Cir. 2003) (per curiam) (no due process violation where hearing officer excluded witnesses from disciplinary hearing, and prisoner failed to show he was prejudiced by the exclusion); Banuelos v. McFarland, 41 F.3d 232, 234-235 (5th Cir. 1995) (per curiam) (same).

Petitioner also complains that following the hearing, McFadden ordered the DHO to amend her report, and that due process required that he be afforded a new opportunity to defend himself against the new charges. Attached to the petition is a

memorandum from McFadden regarding the DHO's report, which states:

> We are directing the DHO to amend her report in the matter referenced above in which inmate Mosley was found to have committed the prohibited act of Aiding the Possession of a Hazardous Tool, Code 108A. Inmate Mosley, the town driver, was detained by staff and during a search of the vehicle he was operating, a cellular telephone, among other contraband, was discovered in the vehicle. Inmate Mosley had full access, dominion and control over the telephone and contraband. As such, the aiding element of the charge is unnecessary and inappropriate.
>
> Thus, the DHO is to amend the report to delete reference to aiding and reissue a copy of the amended report to inmate Mosley with a copy forwarded to the DHA. Inmate Mosley has been advised that the DHO will amend her report and reissue it to him.

Pet., Ex. 1 at 4. From the foregoing it is evident that the only change in the DHO report was to delete any references to an "aiding" element of one of the charges. There is no indication or allegation, either in the petition or the papers attached thereto, that any new charges or additional sanctions were imposed on petitioner as a result of the change in the DHO report. Petitioner's defense at all times apparently was that the items found in the van belonged to Solis, not petitioner, and he gives no indication in the petition that he would have argued anything different, or presented new evidence, had he been afforded a new disciplinary hearing.

The notice requirement of Wolff functions "to give the charged party a chance to marshal the facts in his defense and to clarify what the charges are, in fact." Wolff, 418 U.S. at 564. The facts on which the DHO's original and amended report relied were set forth in the incident report dated November 30, 2011. The facts remained unchanged from the original DHO report to the amended version. Petitioner does not dispute that he received a copy of the incident report. Accordingly, petitioner received notice of the charges against him as contemplated by Wolff, and amending the DHO report did not offend due process.

Having determined that petitioner's disciplinary hearing comported with the requirements of due process, the court must still determine if "some evidence" in the record supports the DHO's finding. Hill, 472 U.S. at 454-55. Here, the evidence relied on by the hearing officer included the incident report written by the correctional officer who searched the van, petitioner's statement to the investigating officer, petitioner's statement at the disciplinary hearing, and photographs of the recovered contraband. The DHO concluded that because petitioner was a "town driver," he was "responsible for any contraband found in [his] vehicle." Pet., Ex. 1 at 7. Petitioner disputes this interpretation and application of Bureau of Prisons policy to the facts. However, he does not dispute that he was driving the

vehicle or that the items were found therein. The court thus finds that "some evidence" supports the DHO's determination. See Hudson v. Johnson, 242 F.3d 534, 537 (5th Cir. 2001) (incident report "standing alone" was "some evidence" of prisoner's guilt).

V.

Order

Therefore,

The court ORDERS that the petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 filed by John Mosley be, and is hereby, denied.

SIGNED May 24, 2013.

_____
JOHN McBRYDE
United States District Judge